**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BANNUM, INCORPORATED, A Kentucky
Corporation with a principal place
of business in Largo, Florida,
<u>Plaintiff-Appellant,</u>

v.

THE CITY OF COLUMBIA, a

No. 97-2667

municipality with a principal place
of business in Columbia, South
Carolina; THE CITY OF COLUMBIA,
Zoning Board of Adjustments, an
appointed agency of the City of
Columbia,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-97-3194-3-17)

Argued: December 3, 1998

Decided: August 30, 1999

Before ERVIN and HAMILTON, Circuit Judges, and HILTON,
Chief United States District Judge for the Eastern District of
Virginia, sitting by designation.

_____

Affirmed by unpublished opinion. Judge Ervin wrote the opinion, in
which Judge Hamilton and Chief Judge Hilton joined.

_____

**COUNSEL**

**ARGUED:** Philip Benjamin Zuckerman, LEWIS, BABCOCK &
HAWKINS, L.L.P., Columbia, South Carolina, for Appellant. James
Shelton Meggs, City Attorney, OFFICE OF THE CITY ATTORNEY
FOR THE CITY OF COLUMBIA, SOUTH CAROLINA, Columbia,
South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

Bannum, Incorporated ("Bannum"), a construction company head-
quartered in Largo, Florida, petitioned the City of Columbia Zoning
Board of Adjustments (the "ZBA") for a special exception permitting
the construction of a prison halfway house within the city limits of
Columbia, South Carolina. When the ZBA denied this petition, Ban-
num filed suit in federal district court, seeking injunctive relief and
damages under 42 U.S.C.A. § 1983 (West Supp. 1998). The district
court dismissed this action, see Bannum, Inc. v. City of Columbia, No.
CA-97-3194-3-17, at 6 (D. S.C. Dec. 10, 1997), citing Burford
abstention grounds. See Burford v. Sun Oil Co. , 319 U.S. 315, 333-36
(1943) (holding that when timely and adequate state court review is
available, a federal court sitting in equity should abstain from review
of cases involving difficult questions of state law or the state's admin-
istration of its own regulatory schemes).

The district court dismissed Bannum's lawsuit on October 31,
1997. On November 4, 1997, Bannum filed a nearly identical lawsuit
in state court. Shortly thereafter, on December 2, 1997, Bannum
appealed the dismissal of its federal case.

On appeal to this Court, Bannum argued that as a non-resident
plaintiff it could not obtain adequate and timely review of an adverse

2

land use decision in the state courts of South Carolina. Events subsequent to Bannum's oral argument belie this contention. Although the circuit court in Richland County, South Carolina affirmed the ZBA's ruling, Bannum appealed this order and the South Carolina Supreme Court has now reversed the ZBA's denial of Bannum's special exception permit. See Bannum, Inc. v. City of Columbia, No. 24943, 1999 WL 305060, at *2 (S.C. May 7, 1999) (per curiam ). The remainder of Bannum's lawsuit, including its § 1983 damages claim, remains before the circuit court in South Carolina.

Yet Bannum insists that because its federal lawsuit included a claim for damages, under Supreme Court precedent the federal court was obligated to retain jurisdiction. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 730 (1996) (holding that a district court may stay a damages action pending resolution of state proceedings, but may not dismiss the action altogether). We note, however, that the Supreme Court has upheld dismissals on Burford abstention grounds when the relief sought was "equitable or otherwise discretionary." See id. at 731. At the time Bannum brought its federal case, the district court could not have addressed the damages claim without first adjudicating Bannum's claim for equitable relief from the ZBA's ruling.

Decisions of the ZBA are fundamentally matters of state law. When it falls within our discretion to do so we abstain from review of such cases, in deference to the state's complex regulatory scheme for managing land use. See Pomponio v. Fauquier County Bd. of Supervisors, 21 F.3d 1319, 1327 (4th Cir. 1994) ("[W]e believe that in the usual case federal courts should not leave their indelible print on local and state land use and zoning law by entertaining these cases and, in effect, sitting as a zoning board of appeals. . . ."). Bannum consciously avoided the state forum, choosing to challenge the ZBA's decision in federal court without first filing a state court action. In this situation we will not require the federal court to stay proceedings and retain jurisdiction when the plaintiff's claim, reduced to its essence, involves issues of state zoning or land use law.

Bannum's federal lawsuit, though it contained a claim for damages under the federal constitution, was primarily an equitable action challenging the ZBA's interpretation of state law. When presented with a similar land use claim for equitable relief and damages, the Sixth

3

Circuit held recently that a federal court should dismiss the action on Burford abstention grounds. See MacDonald v. Village of Northport, Michigan, 164 F. 3d 964, 970 (6th Cir. 1999) (ruling that dismissal of land use action and takings claim is proper where timely and adequate state court review is available to plaintiffs, and where federal review might disrupt state land use policy). We find MacDonald's reasoning persuasive and applicable to the case before us; thus, we affirm the decision of the district court.

AFFIRMED

4